UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN COSCO,

                Plaintiff,                No. CV-08-00887-LRS

  vs                                    NOTICE SETTING COURT'S
                                                SCHEDULING CONFERENCE

VICTORIA GEMMIT, ET AL,

                Defendants.

---

**TELEPHONIC SCHEDULING CONFERENCE**

**DATE: January 29, 2009 at 11:00 am**

     **TAKE NOTICE** that a telephonic scheduling conference will be held on the date and time noted above.  **The *Defendants will initiate the call with Plaintiff and then contact the Court Conference Line: 509-573-6932, at the time scheduled.***

     On or before **January 20, 2009** Plaintiff and counsel for Defendants shall file and serve <u>written</u> status reports with respect to the parties' positions concerning:

     1.     Service of process on parties not yet served;

     2.     Jurisdiction and venue;

     3.     Anticipated motions;

     4.     Further proceedings, including setting dates for discovery cutoff, pretrial and trial;

     5.     Appropriateness of special procedures such as consolidation of actions for discovery or pretrial, reference to a master or magistrate or to arbitration;

     6.     Modification of the standard pretrial procedure due to the relative simplicity or complexity of the action or proceeding;

     7.     Anticipated trial time required - if reasonable evaluation is practical;

8. Feasibility of bifurcation or otherwise structuring sequence of the trial;

9. Prospects for settlement;

10. Any other matters that may be conducive to the just, efficient and economical determination of the action or proceeding, including the definition or limitation of issues.

11. In his report, Plaintiff shall list the name, address and expected testimony from each witness he desires the court to subpoena to testify at the trial of this matter.

Plaintiff and counsel for Defendants shall also advise the District Court Executive whether all parties will consent to trial of this case by a Magistrate Judge and whether, in the event of an appeal, the appeal will be taken to the Ninth Circuit Court of Appeals. 28 U.S.C. § 636. In the absence of consent by all parties, disclosure as to which consented and which did not will be made only to the District Court Executive.

## INSTRUCTIONS REGARDING DISCOVERY

Pursuant to Rule 26(f) Federal Rules of Civil Procedure, the parties are to meet (in this case a meeting by telephone is acceptable) at least 14 days before the scheduling conference, and discuss the nature and basis of their claims and defenses and the possibilities for a settlement of the case. The parties should also arrange for the disclosures required under Rule 26(a)(1) and develop a proposed discovery plan. At the scheduling conference, the parties shall advise the court as to whether or not this required meeting took place and the progress made toward agreeing on a discovery plan.

## INSTRUCTIONS REGARDING SUMMARY JUDGMENT

Because Plaintiff is a prisoner proceeding *pro se,* the court advises him regarding the summary judgment requirements of Fed. R. Civ. P. 56. *See Klingele v. Eikenberry,* 849 F.2d 409, 411 (9th Cir. 1988); *see also Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998).

In the event Defendants make a motion for summary judgment, they will be seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Pursuant to LR 56.1, Local Rules for the Eastern District of Washington, the party responding to a motion for summary judgment must identify the specific facts on which he relies in serial form, with a reference to the specific portion of the record where each fact is established (i.e. Plaintiff shall cite to an affidavit, deposition, or exhibit contained in the record that states the fact in question.)  Failure to controvert a fact may be considered an admission that such fact exists.  That is, any uncontroverted facts will be taken as true. *See* LR 7.1, Local Rules for the Eastern District of Washington, for further procedural requirements.  Regardless whether a party is represented by an attorney, the party is responsible for understanding the requirements of the federal and local rules.

Dated:  December 29, 2008

**JAMES R. LARSEN**
**District Court Executive**

 s/Laura McClure, Deputy Clerk

Enclosure: Consent to Magistrate Form

*FAILURE TO TIMELY FILE REQUIRED STATUS CERTIFICATE*
*SHALL RESULT IN THE IMPOSITION OF SANCTIONS*

cc: John Cosco, Pro Se
    Anthony P. O'Brien